Okay, next case for argument, Bibbs v. Sheriff of Cook County. Mr. Flaxman. May it please the Court. Joel Flaxman on behalf of Plaintiff's Appellants. Plaintiff's Appellants have appealed from the dismissal of a straightforward complaint that raised claims of disparate impact discrimination in violation of Title VII. I'll start with Plaintiff Bibbs. She alleges that she was rejected for employment as a Cook County Correctional Officer based on the results of two pre-employment tests. One of them is a psychological test that she alleges has a disparate impact in denying employment to African Americans. The second claim was that she was rejected based on statements she was alleged to have made to a polygraph examiner. Bibbs denies making those statements and alleges that the polygraph test, like the psychological test, disqualifies a disproportionate number of African American applicants. What's the basis for the claim of a disparate impact here? Well, the basis for the psychological test is in the record. There are statistics showing that. Where? Where are the statistics? I believe they were attached to some of the motions on class certification issues, but they weren't alleged in the complaint and they weren't in the complaint. That's part of the problem, isn't it, according to the judge? Certification as opposed to the, I guess, third amendment complaint. You know, you're going back to the certification. That's the only place that's in there, isn't it? The question was, was the lack of allegation a problem for the district court judge? Yeah, you just said it's all the stuff's in the certification documents. Well, the statistics were attached to the certification. They weren't part of the complaint. They weren't attached to the complaint. I would say those kinds of things don't have to be alleged in the complaint to state a claim. Those are statistics that we have to prove on summary judgment or a trial. In terms of whether the judge relied on that for dismissing the third amended complaint, in a footnote, there's some reference to whether the complaint stated a claim, but that's, I don't think, an issue that was fairly decided. If the question is, does the complaint have sufficient factual allegation to state it as for an impact claim, then that's something that we would replete and should be entitled to, because it's not something that was decided. What do the statistics show? My recollection, and I may be able to find the actual page citation for you, is that something like 55% of African-American applicants were being denied based on the psychological test, and 45% of white applicants. And in terms of the support for the disparate impact claim for the... How could that in itself be evidence of anything? I'm sorry? How could that in itself be evidence of anything? Well, I think under Title VII, it's sufficient evidence to... I don't understand that. Look, the different ethnic groups have very different performance on tests. Nigerians have the highest, Chinese very, very high, Korean very high, Jews very high, right? So you don't expect every different ethnic or religious or what have you national group to have the same success on tests. I think the Title VII says that when there's a difference like this... Oh, come on, it's obviously not true. So you look at the composition of the elite, lost elite colleges, they don't have a distribution by, you know, relative population, right? The way I would answer that is that, yes. And that's because there's... In a challenge to that composition, the law school would come back with our test that is how we're choosing students is related to... I mean, in Title VII, we say job related for law school and performance in law school. And Title VII sets up a system where the statistics showing this disparity shifts the burden to the defendant to come forward and show that what's causing that disparity, there's a good reason for it. And in this case, we didn't get to that point because the district court judge dismissed based on what we have argued. I don't think that's right. I think you have to present at least some evidence to suggest there's something wrong with the test. Well, and the evidence that we would present are the statistics that I've referred to. That's not evidence because we know there are wide disparities in how the different ethnic groups perform on tests. And that's not all due to discrimination. I mean, it has to do family and, you know, IQ and country of origin and this and that and the other. Family situation. At the motion to dismiss stage, I don't think there's a requirement to produce more than the statistics that we're talking about. And I think it sets too high a burden. You could sue every single test giving institution, every employer, every school in the country. And the way I would respond is that setting the standard that you need to have more evidence would prevent any such suit. Even the meritorious ones where the evidence would be... Well, you could look at the test, for example, and see whether it's, you know, in terms of questions are biased in terms of people from a particular ethnic group, biased against people, prejudiced against people who don't have the same, you know, vocabulary or something. And that's the type of discovery that we would get to after the motion to dismiss stage. That there are cases of this court that say... See, I don't buy that. It seems to me before you bring a lawsuit, you have to do some research. And just finding that some group has a slightly lower performance success on a test, that's not evidence. Our disagreement, I guess, is about the motion to dismiss stage. And what I was going to say is that there are cases of this court, including some recent ones, on this question of does the plaintiff have to plead facts that would only be discovered through discovery? And I think that Title VII here supports the argument that I'm making that there's not this requirement. You don't need discovery to get a copy of the test, right? I'm not sure that that's true. I don't think I've seen a copy of the test. You're kidding. You think the tests are secret? They wouldn't give you a test to look at? Well, I don't want to say yes or no because I don't know the record here. But I believe that they may be proprietary of the test-giving company that's a third party that's giving this test. And I'm just not sure whether they are available. You've had three amended complaints, right? And the one before us is the third amended complaint? So the one, yes. And isn't part of your objection or whatever is drawing from some previous complaints? Yes. I'm a little confused about what we're doing here, frankly. Instead of doing a fourth amended complaint, which the judge threw out and said, why don't you do that? He said, yeah, enough of this. So here we are. And I guess I'm just trying to figure out what is it that was incorporated that was not in the third amended complaint that you think was improper? Well, the judge found that based on what was in previous filings and all these questions about who could be a proper class representative, the judge determined that he could not tell what claims were being brought. And our argument is that the judge should have confined his view to the complaint before him, which is what the cases say, that an amended complaint wipes away prior pleadings. And looking just at the third amended complaint, there's count number two is this disparate impact claim about the test. And count number three is this disparate impact claim about the polygraph. But Bibbs had already told the court that she could not adequately represent a class on the psychological test, correct? Bibbs had agreed with the court's ruling that she couldn't represent. But I think that- Didn't she just say what I just said? I think, yes. So I think she did say that in response to the court and the defendant arguing that. Plaintiff's counsel agreed that five of the named plaintiffs, Donna Bibbs and the others, are not appropriate class representatives. So for the purpose of certifying a class, agreed that it should be this individual who the defendants agreed was only denied employment based on the psychological test. Now, we don't agree with the factual predicate. So she's changed her mind? No, she hasn't changed her mind. The class issue is not before this court. Oh, come on. Look, this is a procedural nightmare at this point. I agree. And you've created it, as near as I can tell, with the changing of plaintiffs and the shifting of theories. And you're complaining that the district judge now didn't let Bibbs back away from her concession, right? No, Judge. I don't think we need to address Bibbs' concession or not. As I said, the complaint before the judge and the class issue. You're saying the judge was prohibited from taking this into account in deciding the motion to dismiss, correct? I am saying that. Okay. So it's at issue, right? Yes, it is at issue. So why isn't he allowed to say to Ms. Bibbs, you told me a few months ago you're not an adequate class representative here? I think if Bibbs had moved for class certification. Because you don't have such a claim. If Bibbs had moved for class certification, the previous statement that she could not be a class representative I think would be a problem. But the complaint before the judge and the motion to dismiss didn't go to class issues. And her concession regarding her ability to represent the class based on disputed facts doesn't go to whether she has a claim that can go forward. Before you sit down, I need to ask you about, I don't know whether Bibbs has an individual claim that survives here. But it's important to you to bring the other individuals into this case. Yes, it is. And there are critical timeliness issues. Now, even if they did not plead themselves out of court on timeliness issues, as I understand it, you're offering us two theories for making their claims timely. One is the so-called piggybacking theory, right? Yes. And that would require us to create a circuit split, correct? Yes. Okay. So that's why the court doesn't need to address that. The other is the tolling, the class tolling theory on the theory that Bibbs' second complaint, the first one that raised a class allegation, should relate back to the filing of her original complaint, correct? Yes. All right. And is that an issue that was raised in the district court about the timeliness of those plaintiffs' claims? No, it wasn't. Why is that not a problem? Well, it's not a problem because, as I think you may have acknowledged earlier in your questioning, the question of timeliness was not presented on the motion to dismiss. The allegations that the judge found they were untimely was not based on matters that were pleaded in the complaint. So as an affirmative defense, it was wrong to resolve that affirmative defense based only on the complaint. So I think that's one of the reasons why it wasn't raised in the district court. The other one is that what was raised in the district court is a case this court decided to call Robinson, where the court held that an individual who had not filed an EEOC charge could not come into court and become the new class representative after the first representative was kicked out of court. And plaintiffs relied on that case, which said you have to file an EEOC charge if you want to become a class representative. And in this case, the plaintiffs, the added plaintiffs, had filed EEOC charges. This question of filing timely wasn't addressed in Robinson and I think didn't need to be because of the tolling argument that we've made. I have lost count of how many issues you need to prevail on to save any of this, frankly. How do you all show adequate class representation given the failure to file a class allegation in the original class action and this morass that we now have before us? Well, I would disagree that it's a morass. In terms of the relation back, I think that this court's opinion in Areola v. Godinez says very clearly that a later complaint that raises the class allegation. It says a district judge can do that. It doesn't say it's automatic. And there are cases from other circuits going the other way on that issue. Areola affirmed a district judge who allowed relation back. And this is an issue that wasn't even presented to this district judge. Right? I think my argument is that it was presented through citing Robinson to the court. And the Robinson opinion, which doesn't say anything about the time to file, which says filing the EEOC charge was sufficient for the added plaintiffs to rely on and say they were before the court. Your first complaint wasn't even a class complaint. It doesn't kick in. It doesn't trigger American pipe tolling, right? Well, not until the second complaint, which we argue related back. Perhaps at the discretion of the district judge. I don't think that Rule 15c says there has to be a motion to ask the district court judge to say that it relates back. I think that it says, I don't think there has to be a motion. Take a look at Areola. It doesn't look automatic to me. Well, I would say the posture of Areola didn't support saying that it was automatic, but that the rule itself says by leave of court, which I don't think means that there has to be a motion. There has to be a ruling. Okay. Thank you. Thank you. Mr. Curran? Thank you, Your Honors. May it please the court, John Curran on behalf of the appellees, Sheriff of Cook County and the County of Cook. If I could first address the issue of Robinson, which really has been the overarching theme through this entire procedural history in this case. They've been trying to match these sets of facts and circumstances up with Robinson. I think what the Robinson court is saying is that a substitute plaintiff or class representative has to comply with the EEOC requirements. They seem to parse that into that a substitute class rep has to just file with the EEOC. They don't have to comply with all the statutory requirements of the EEOC. So I think there's a little bit of misconstruing that, which has kind of led this far afield. Secondly, I would like to address- Are you talking about Smith? I'm talking about Zachary Smith, yes. So what is it that he should have complied with that he hasn't complied with? In order for Zachary Smith to be a substitute class representative for Bibbs, who has admitted on questioning from the court that she's not an appropriate class rep, he himself needs to comply with the EEOC requirements, statutory requirements. Those statutory requirements are- Such as what? Filing within 300 days with the EEOC of the deprivation- Didn't he do that? Which he did, and then filing his action or joining the action in the district court within 90 days of receiving his right to sue letter, and that's where his deficiency lies. You're saying they've got to get a right to sue letter before they even qualify? To be the class representative, yes. I believe that is really the theme of Robinson that seems to be ignored coming from the other side on this matter. Are you saying he never got a right to sue letter? No, I'm saying he didn't join this action within 90 days of receiving that right to sue letter. Well, what difference does that make? Not following the statutory mandates of the EEOC- But what difference does it make? What's the prejudice to your side? Well, it really comes down to the failure to participate in the conciliation process at the EEOC. He doesn't line up with Bibbs because Bibbs' claims are separate, really separate and distinct from Smith's, because Bibbs has multiple bases in her application in which she was not offered employment with the sheriff's office. Smith only has one basis, and that basis- The difference between two tests and one test? Yes. Okay. So in a conciliatory process, certainly viewing Smith and whether or not Smith needs to be resolved is separate and distinct because if you resolve on psychologically, you still have the issues with Bibbs, which is just another basis here. And maybe as an employer, you can't get past that basis in attempting to resolve the matter at the EEOC. I would also like to point out to your honors- Well, why can't Bibbs represent one test and he the other? Is there no one challenging the psychological test, or what? Smith is the only one in the case that has not- the only named plaintiff in the matter that failed only the psychological test. That failed what? The psychological test. And only the psychological test. Only the psychological. That was the only basis for Smith not being offered employment with the sheriff's office. That was all a part of-this was fully vetted in discovery. Why didn't Smith and Bibbs together add up to one person? A hybrid plaintiff, so to speak? Well, each complaining about a different test. But only Bibbs-Bibbs is the only one that has filed this-has filed timely. So it's really what Bibbs has that-Bibbs's action that matters here because Bibbs is the only one that has diligently followed the requirements at the EEOC, the statute of requirements. She filed timely after getting the right to sue letter, right? Bibbs did, yes. That's the only one? Correct. And I guess you're-I don't know. Is the psychological test one class, and if it's one of the other tests, it's a different class? The only class put forward right now is the psychological test. Okay, so then somebody who maybe flunked three of them would still-included that one, they'd still be in a class, I guess. You would need someone like Smith- I don't know. Who has only failed the psychological and only the psychological. I mean, they're the only ones that would actually have a- Well, the fact that Bibbs flunked, what, two? Two. The second one-and the second one, it's a misnomer. She didn't fail a test. No one failed a polygraph test. They don't administer a polygraph test and get results and pass or fail someone. What came out in the discovery is they essentially put a machine in front of you, but it just elicits you to-the applicants make certain representations or answers, and they make admissions. So it's not like it's a test. And that's part of the problem with COUNT III is COUNT III- But so drug-like, for example, drug use within the last five years would be disqualifying? Yes, it would be disqualifying. Fine. I won't get specific as to what they are because I know that's under seal in this matter as to what the admissions are, but that would be an example of a disqualifying admission. And a reminder that this is an application for employment with a law enforcement institution. We see plenty of cases where things have gone wrong with correctional staff, so, you know, Cook County Jail. I am in the Civil Division of the Cook County State's Attorney's Office, so-and if I could touch on it, part of the problem with COUNT III is they've morphed this-trying to identify the employment practice that causes this disparate impact. In the briefing in the district court and in the complaint, they put forward giving the polygraph examiner the unreviewable authority to place false admissions upon an applicant. Now that we're here in the appellate court, they have completely backed away from that. And now what they put before-and they don't challenge the district court in the district court footnote and find that that was not-did not give defendants fair notice, did not identify a valid employment practice. So they've backed away from that. Now in the appellate court they put forward that the employment practice here is just the administering of the polygraph. So quite frankly, if you just look at the morphing of COUNT III from the district court to here in the briefing in the appellate court, it just shows the flaw, the fatal flaw in COUNT III that they have put forward on the polygraph. They can't seem to decide what their complaint is with regards to the polygraph. I would also like to point out the district court in asking plaintiffs to answer three questions during the briefing on the motion for classification that I would hope the court does not view that as a pleading. Appellants have contended that that is a pleading superseded by the filing of an amended complaint. It's very clear under Rule 7a what a pleading is. And that answering the court's questions, filing it, certainly doesn't fall under the definition of 7a of a pleading. I would say it's more akin to a declaration or a court-ordered report. That is part of the court record. There's no reason, at least for the appellants to dispute it, because it's the appellant's answers to the district court, and therefore I think it was appropriate on the Third Amendment complaint for the district court to take that into consideration. Those are the points I wanted to address. If Your Honors have any other questions, if not, I thank you for your time.  Thank you, Mr. Curran. Anything further? No. No further questions. Well, we thank both of you for your arguments.